IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LORETTA WEAVER-BROOKS,

    Plaintiff, : Case No. 3:16-cv-237

v. : JUDGE WALTER H. RICE

NANCY A. BERRYHILL, : MAGISTRATE JUDGE
MICHAEL J. NEWMAN
Acting Commissioner of the :
Social Security Administration,
:
    Defendant.

---

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART MOTION FOR VOLUNTARY REMAND OF NANCY A. BERRYHILL, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION (DOC. #11); JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF LORETTA WEAVER-BROOKS AND AGAINST THE COMMISSIONER, REVERSING THE COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER, PURSUANT TO THE FOURTH SENTENCE OF 42 U.S.C. § 405(g), FOR AN IMMEDIATE AWARD OF BENEFITS; TERMINATION ENTRY

---

Plaintiff Loretta Weaver-Brooks ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's application for Social Security disability benefits. On January 5, 2017, the Commissioner filed a Motion to Remand ("Motion"), moving that the Court enter judgment in favor of Plaintiff and against the Commissioner, reversing the Commissioner's decision that Plaintiff was not disabled, and remanding the captioned cause to the Commissioner for

further proceedings, pursuant to sentence four of 42 U.S.C. § 405(g). Doc. #11, PAGEID #946. Plaintiff, in her memorandum *contra*, agrees that the decision of the Commissioner's Administrative Law Judge ("ALJ"), Gregory Kenyon, should be reversed, but argues that "a remand for payment of benefits is the only just and appropriate remedy." Doc. #12, PAGIED #958.

Remand to the Commissioner for an immediate award of benefits is only appropriate "where the proof of disability is overwhelming or where the proof of disability was strong and evidence to the contrary is lacking." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). Nonetheless, the instant case meets that high standard. Under the version of 20 C.F.R. Pt. 404, Subpt. P, Appendix 1 Listing ("Listing") 12.05 in effect at the time of the ALJ's decision, Plaintiff could meet her Step Three burden by showing that: (1) she had "significantly subaverage general intellectual functioning[,]" shown through meeting the criteria of one of four sub-listings (Listing 12.05(A-D)) that demonstrate the severity of her mental impairment; and (2) that Plaintiff's subaverage functioning "initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22[.]" The ALJ examined whether Plaintiff met or equaled Listings 12.05(C) and 12.05(D), which required a valid intelligence quotient ("IQ") score between sixty and seventy, along with additional impairments or restrictions that impose significant limitations in work or life activities. Doc. #6-2, PAGEID #50-51. The ALJ concluded that Plaintiff did not meet or equal either of those listings, in part because she did not have a "physical or other mental impairment imposing an additional significant work-related limitation" (Listing 12.05(C)); nor did she

2

exhibit at least two of the marked limitations or repeated episodes of decompensation required for Listing 12.05(D). *Id.*, PAGEID #51-52.

However, despite the Commissioner's examining psychologist assessing a verbal scale, performing [*sic*] scale, and full scale IQ score of fifty-four, fifty-five and fifty, respectively, Doc. #6-2, PAGEID #50 (citation omitted), the ALJ did <u>not</u> evaluate whether Plaintiff met or equaled Listing <u>12.05(B)</u>. To meet or equal Listing 12.05(B), a claimant must have a valid IQ score of below sixty, but, unlike Listing 12.05(C-D), she need not show any additional impairment or restriction. The ALJ agreed with the Commissioner's examining psychologists that "these IQ scores were lower than would be expected based on the claimant's clinical presentation." *Id.*, PAGEID #51. Yet, as Plaintiff notes, this Court has held that mere statements that IQ scores were "unexpected," given other factors, are not themselves sufficient to invalidate the scores for the purposes of Listing 12.05. Doc. #12, PAGEID #962 (citing *Goodson v. Comm'r of Soc. Sec.*, No. 3:10-cv-432, Doc. #12, at 381 (S.D. Ohio Jan. 24, 2012) (Ovington, Mag. J.), *Report and Recommendations adopted at* Doc. #13 (S.D. Ohio Feb. 13, 2012) (Rice, J.)). Similarly, the fact that Plaintiff was assessed Global Assessment of Functioning ("GAF") scores of 54 and 55, which indicate moderate symptoms of mental impairment, is not itself sufficient to invalidate IQ scores or find that Plaintiff does not meet or equal Listing 12.05. *Id.* (quoting *Barnett v. Comm'r of Soc. Sec.*, No. 3:14-cv-03, Doc. #16 at PAGEID #493 (S.D. Ohio Feb. 4, 2015) (Ovington, Mag. J.), *Report and Recommendations adopted at* Doc. #17 (S.D. Ohio Feb. 24, 2015) (Rice, J.)). Further, the ALJ did not conclude that Plaintiff's sub-sixty IQ scores were actually invalid; nor does there appear to be any basis for him to so conclude.

3

The Commissioner emphasizes evidence of record, such as Plaintiff's work history and activities of daily living, and the fact that she was able to obtain a commercial driver's license, in furtherance of her argument that Plaintiff did not have significant deficits in adaptive functioning; thus, the Commissioner, argues, Plaintiff did not meet or equal Listing 12.05. Doc. #11, PAGEID #952-54 (citations omitted). Yet, as discussed above, a lack of significant limitations in work or daily living is <u>irrelevant</u> in determining whether Plaintiff met or equaled Listing 12.05(B). Further, the Commissioner, in her Motion, concedes that the ALJ erred in stating that the administrative record "contains no education record[s,]" Doc. #11, PAGEID #952 (quoting Doc. #6-2, PAGEID #51), that would constitute "evidence that any sub-average intellectual functioning manifested during the claimant's developmental period." Doc. #6-2, PAGEID #51. Indeed, evidence of record shows that she had deficiencies in "verbal skills" that manifested no later than ninth grade. Doc. #6-6, PAGEID #439. In addition, while the ALJ concluded that Plaintiff was not "truly illiterate[,]" Doc. #6-2, PAGEID #53, his opinion contains several examples of Plaintiff's subaverage intellectual functioning, *e.g.*, poor verbal and arithmetic skills during her examination by the Commissioner's examining psychologist, and that Plaintiff's uncontradicted statement that she "received special education including assistance in reading, math, and spelling." *Id.*, PAGEID #51. The evidence above is overwhelming, and permits only one conclusion: that, as of the disability onset date, Plaintiff's mental impairment met or equaled Listing 12.05(B). Consequently, remand for an award of benefits, rather than for further proceedings, is appropriate. *Faucher*, 17 F.3d at 176.

4

WHEREFORE, based upon the aforesaid, this Court SUSTAINS IN PART AND OVERRULES IN PART the Commissioner's Motion to Remand. Doc. #11. Judgment shall enter in favor of Plaintiff and against the Commissioner, reversing the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits, under the Social Security Act, and remanding the captioned cause to the Defendant Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for an immediate award of benefits.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

May 18, 2017

_____
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT